```
                    United States District Court
                      District of Massachusetts
_____
                              )
DAVID A. MARRON,              )
ROBIN H. SOROKO-MARRON,       )
       Debtors,               )
                              )
DAVID M. NICKLESS, Chapter 7  )
Trustee,                      )
       Appellant,             )
                              )
       v.                     )    Bankruptcy Appeal No.
                              )    11-40191-NMG
HSBC BANK USA, N.A.           )
       Appellee.              )
_____)
                              )
                              )
                              )
                              )
                              )
                              )
                              )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Appellant-Trustee David M. Nickless ("Appellant" or "Trustee") appeals from an order entered by the United States Bankruptcy Court for the District of Massachusetts granting HSBC Bank USA ("Appellee" or "HSBC") relief from the automatic stay. The order appealed from permits HSBC to foreclose on a residence in Haverill, Massachusetts owned by David Marron and Robin Soroko-Marron ("the Debtors").

## I. **Background**

The facts in this case are undisputed. In 2005, Robin Soroko-Marron executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage on her home. At the same time she executed a promissory note payable to Fieldstone Mortgage Company ("Fieldstone"). The mortgage included the statutory power of sale and stated that "MERS is the mortgagee under this Security Instrument." It also stated that "MERS is acting solely as nominee for Lender and Lender's successors and assigns" and defined "Lender" as Fieldstone.

In 2007, Soroko-Marron failed to make mortgage payments and fell into default. Foreclosure proceedings were then initiated. Marti Noriega, purporting to be an assistant vice president of MERS, executed an assignment of the mortgage to HSBC. The assignment was acknowledged by Brenda McKinsy, a Texas notary public.

In November 2007, Fieldstone filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Maryland. In June 2008, the Bankruptcy Court entered an order allowing a motion by Fieldstone to reject executory contracts, including the contract with MERSCORP, Inc (the parent company of MERS) for assignments.

At some time during 2008, HSBC became aware that the residence was jointly owned by Soroko-Marron and her husband

David and sought to have the mortgage reformed to reflect both parties as mortgagors. In December 2009, the Massachusetts Land Court entered a judgment requiring the Marrons to give to MERS a confirmatory mortgage listing both spouses as mortgagors. Because the Marrons failed to do so, the Land Court permitted HSBC's attorney to execute the confirmatory mortgage on behalf of the Marrons. In July 2010, Debra Lyman, purporting to be a vice president of MERS, executed an assignment of the confirmatory mortgage to HSBC. Her signature was notarized by Karen Quiller, also a Texas notary public.

In October 2010, the Marrons filed for relief under Chapter 7 of the Bankruptcy code and an automatic stay was entered under 11 U.S.C. § 362 suspending actions by creditors. HSBC then filed a motion for relief from the automatic stay seeking to foreclose on the subject residence. The Trustee objected on the grounds that HSBC, as an assignee of MERS, lacked sufficient interest in the property to foreclose and thus lacked standing to seek relief from the automatic stay. The Bankruptcy court overruled the Trustee's objection, granted HSBC's motion for relief from the automatic stay and denied the Trustee's motion for reconsideration.

On September 8, 2011, the Trustee appealed the final order of the Bankruptcy Court and filed a motion to certify the following questions to the Supreme Judicial Court ("the SJC"):

> 1) Is a mortgage assignment executed by Mortgage Electronic Registration Systems, Inc. valid under Massachusetts law absent proof of authorization from the note holder? and
>
> 2) Does a recorded assignment of mortgage which complies with the requirements of M.G.L. c. 183, § 54B alone establish the truth of the contents thereof?

Later that month, HSBC foreclosed on the Marron's residence.

## II. **Analysis**

### A. **Motion to Certify Questions to the SJC**

A federal court may, in its discretion, certify to the SJC a question of Massachusetts law that is "determinative of the cause then pending in the certifying court" and as to which "it appears to the certifying court there is no controlling precedent in the decisions of [the SJC]." Mass. S.J.C.R. 1:03; see also In re Hundley, 603 F.3d 95, 98 (1st Cir. 2010). The purpose of certification is "to ascertain what the state law is." Fisher v. Bar Harbor Banking and Trust Co., 857 F.2d 4, 7 (1st Cir. 1988). The court reviews

> analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.

Fisher v. Bar Harbor Banking and Trust Co., 857 F.2d 4, 7 (1st Cir. 1988). Certification is not appropriate "when the course the state courts would take is reasonably clear." Bi-Rite Enters. v. Bruce Miner Co., 757 F.2d 440, 443 n.3 (1st Cir. 1985).

Certification to the SJC is not required in this case.  As set forth below, it is reasonably clear how Massachusetts courts would resolve the legality of assignment by MERS and the implications of compliance with M.G.L. c. 183, § 54.  Because resolution of the proposed questions is not necessary to decide this appeal, certification is unwarranted.  The Court therefore will proceed to the merits of the appeal.

**B.   Bankruptcy Appeal**

**1. Standard of Review**

The United States District Courts have jurisdiction to hear appeals from final orders of a bankruptcy court. See 28 U.S.C. § 158.  In reviewing an appeal from an order of a bankruptcy court, a district court reviews de novo "[c]onclusions of law and legal significance accorded to facts." In re Chestnut Hill Mortg. Corp., 158 B.R. 547, 549 (D. Mass. 1993).  The court must, however, accept the bankruptcy judge's findings of fact unless a review of the record demonstrates that they are "clearly erroneous." Id.

**2. Application**

**a. Validly of Mortgage Assignment**

Appellant argues that the assignment of the mortgage from MERS to HSBC was invalid and thus HSBC could not legally foreclose.  Because HSBC did not have the power to foreclose on

the property, the Appellant reasons, it did not have standing to seek relief from the automatic stay.

Appellant contends that there is no authority to support the Bankruptcy Court's finding that MERS can assign the mortgage to HSBC.  However, as Appellee points out, there is no Massachusetts authority for the proposition that MERS cannot assign mortgages. In fact, the Bankruptcy Court cited two cases in which assignments by MERS were acknowledged by the Massachusetts Land Court. Randle v. GMAC Mortgage, LLC, No. 09 MISC 408202 GHP, 2010 WL 3984714, at *1 (Mass. Land Ct. Oct. 12, 2010); Amtrust Bank v. T.D. Banknorth, N.A., No. 07 MISC. 350750 KCL, 2010 WL 1019638, at *1 (Mass. Land Ct. 2010).

Furthermore, this Court has repeatedly held that MERS has the authority to assign mortgages under Massachusetts law.  In Kiah v. Aurora Loan Serv., LLC, the Court rejected the argument that without a beneficial interest in the mortgage MERS did not have the legal capacity to assign it.  Instead the Court held that as the "nominee" for the note holder's successors and assigns, "even though MERS does not have a beneficial interest in the property, it nonetheless could have transferred the mortgage on . . . behalf of the beneficial owner." CIV.A. No. 10-40161-FDS, 2011 WL 841282, at *8 (D. Mass. Mar. 4, 2011); see also Rosa v. Mortgage Elec. Sys., Inc., 821 F. Supp. 2d 423, 429 (D. Mass. 2011); Culhane v. Aurora Loan Serv. of Neb., 826 F. Supp. 2d 352,

373 (D. Mass. 2011). Those decisions are well reasoned and this Court will not ignore them. The Bankruptcy Court did not err when it ruled that MERS had the authority to assign the mortgage to HSBC.

### b. Effect of Fieldstone's Bankruptcy

Appellant suggests that the Bankruptcy court erred in granting relief from the stay because MERS could not have validly assigned the mortgage to HSBC due to Fieldstone's bankruptcy filing approximately two years prior to the assignment.

A lender's bankruptcy does not affect the ability of MERS to assign a mortgage. In Kiah, the plaintiff challenged the authority of MERS to assign the mortgage to the foreclosing entity because the original lender had filed for bankruptcy and was dissolved prior to the assignment. 2011 WL 841282, at *4. However, because the language of the mortgage (which is, in relevant part, identical to the language in the mortgage executed by Soroko-Marron) stated that MERS was acting as nominee for the lender and its "successors and assigns," this Court held that bankruptcy and dissolution "would not prevent [the lender's] successors and assigns...from seeking transfer of the mortgage from MERS." Id. Similarly, in Rosa this Court relied on the same reasoning in deciding that "the dissolution of the original lender does not affect MERS' authority to assign a mortgage." 821 F. Supp. 2d at 431. Thus, the Bankruptcy Court did not err when

it ruled that "MERS remained the mortgagee in its capacity as trustee and as nominee for whomever happened to own the note" and that the assignment to HSBC was therefore valid despite Fieldstone's bankruptcy.

Appellant relies on New Century Mortgage Corp. et al. v. Braxton, et al., No. 09 MISC393485(GHP), 2011 WL 59277, at *5-6 (Mass. Land Ct. Jan. 11, 2010) for the proposition that the a lender's bankruptcy impacts its ability to assign a mortgage. However, the Land Court in that case noted only that the plaintiffs had failed to provide evidence that the "assignments were not prohibited by bankruptcy law," and therefore does not support the proposition that assignments were in fact prohibited due to bankruptcy. Appellant also relies on Chalgren v. Deutsche Bank Nat. Trust Co et al (In re Chalgren) but mischaracterizes its holding. No. 09-56729 ASW, 2011 WL 4753528 (Bank. N.D. Cal. Oct. 7, 2011). Appellant mistakenly asserts that the court denied a motion to dismiss on the grounds that defendants could not prove that the bankruptcy court had given permission for a mortgage assignment to occur. Instead, the court held that authorization from a bankruptcy court is required only if an assignment is made "outside the ordinary course of business." 2011 WL 4753528, at *8.

### c. Statutory Requirement of M.G.L. c. 183, § 54B

Appellant asks this Court to overturn the Bankruptcy Court's finding that the assignment by MERS to HSBC was valid. Because the requirements of M.G.L. ch. 183, § 54B are met here, this Court declines to do so. See Peterson v. GMAC Mortg., LLC, CIV.A. No. 11-11115-RWZ, 2011 WL 5075613, at *4 (D. Mass. Oct. 25, 2011)("If the requirements of Mass. Gen. Laws. ch. 183 §54B are met, the court may properly find the entire assignment valid.").

M.G.L. ch. 183, § 54B states, in pertinent part, that:

> if executed before a notary public . . . by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary . . . or other officer . . . including assistant to any such office or position, of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity, or acting under such power of attorney on behalf of such entity, acting in its own capacity or as a general partner or co-venturer of the entity holding such mortgage, shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording.

Assignments by MERS comply with the letter of the statute and are thus valid. Culhane, 826 F. Supp. 2d at 378, Aliberti v. GMAC Mortg. LLC, 779 F.Supp.2d 242, 249 (D. Mass. 2011); Carlson v. Wells Fargo Bank, No. 10-41291-MSH, 2011 WL 3420436, at *6 (Bankr. D. Mass. 2011). In Culhane, the Court conducted an extensive review of the MERS assignment system and addressed numerous concerns similar to those raised by the Appellant, including the fact that "MERS authorizes employees of the note

holder or . . . the note holder's serving agent to execute assignments on MERS behalf" as deputized "vice presidents" of MERS. 826 F. Supp. 2d at 373.  The Court found that this may create an apparent "conflict of interest" due to the deputized officers simultaneously acting as "assignor (as agent for MERS) and assignee (as employee of the note holder or its servicing agent)" id. at 373, 374, but could "discern no way in which MERS' procedure for assigning mortgages contradicts" Chapter 183.  For those reasons, there was "no flaw" in the assignment made by MERS to the foreclosing entity, id. at 379, and the Court finds that the assignment by MERS was valid.

Even if the individual who executed the mortgage assignment on behalf of MERS lacked the authority to do so, the assignment was still binding on MERS because § 54B requires only that the signatory "purport" to be authorized. Kiah, 2011 WL 841282, at *7.  Here both the mortgage and confirmatory mortgage were executed by individuals purporting to be officers of MERS and in the presence of a notary public.  As a result, the Bankruptcy Court was correct when it determined that the

> plain language [of section 54B] establishes that the assignments in this case are binding upon MERS whether or not MERS or its signing officer had authority to execute them.

The Bankruptcy Court's determination that the assignment from MERS to HSBC complied with state law and was therefore valid will not be disturbed.

### d. Foreclosure Without Proof of Holding the Underlying Note

Appellant asserts that the Bankruptcy Court incorrectly interpreted Massachusetts law when it held that unity of the mortgage and underlying note is not required prior to foreclosure.  He contends that, as a result, the Bankruptcy Court erred when it ruled that "HSBC . . . was entitled to foreclose even without possession of the note."

Whether a foreclosure by power of sale may be undertaken by a mortgage holder that does not also hold the underlying note was recently addressed by the SJC in Eaton v. Fed. Nat. Mortg. Ass'n, 462 Mass. 569 (2012).  The Court acknowledged that the meaning of the term "mortgagee" in the provisions relating to the power of sale and foreclosure notice requirements, i.e. M.G.L. c. 183, §§ 14 and 21, "is not free from ambiguity." Id. at 571.  The Court ultimately construed "mortgagee" to refer to "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." Id. at 571.

The SJC also held that, in the absence of controlling precedent,

>      lawyers and others who certify or render opinions
>      concerning real property titles have [properly] followed
>      in good faith a different interpretation of the relevant
>      statutes, viz., one that requires the mortgagee to hold
>      only the mortgage, and not the note, in order to effect
>      a valid foreclosure by sale.

Id. at 588.  Due to those "exceptional circumstances," the Court chose to apply its broad interpretation "only to mortgage foreclosure sales for which the mandatory notice of sale has been given after the date of this opinion." Id. at 588-89. In this case, the notice of sale by HSBC was given prior to June 22, 2012 and the holding in Eaton is therefore not controlling. Because HSBC was a "pre-Eaton mortgagee, it is entitled to foreclose even without proof that it was also the note holder or its agent." Woods v. Wells Fargo Bank, N.A., C.A. No. 11-cv-30216-MAP, 2012 WL 2577580, at *2 (D. Mass. Jul. 3, 2012); see also Serra v. Quantum Servicing Corp., CIV.A. No. 11-11843-DPW 2012 WL 3548037, at *7 (D. Mass. Aug. 15, 2012 ) ("All of the foreclosure proceedings . . . were noticed prior to June 22, 2012; consequently, whether [the mortgage holder] held the note is immaterial").  Accordingly, the Bankruptcy Court did not err when it ruled that HSBC could foreclose without providing proof that it also held the note.

### e. Failure to Hold an Evidentiary Hearing

Appellant asserts that the Bankruptcy Court erred when it entered findings of fact without conducting an evidentiary

-12-

hearing because material facts were in dispute.  He claims that the Bankruptcy Court's entire decision "is based on [the] flawed assumption that HSBC is a valid note holder" and that a hearing should have been held to determine ownership of the note. However, as discussed above, HSBC had the power to foreclose regardless of whether it was the note holder.  Thus, a determination of the ownership of the note was not a material fact necessary to the Bankruptcy Court's holding and as such an evidentiary hearing with respect to ownership of the note was not required.

## ORDER

In accordance with the foregoing, the motion for certification of questions to the SJC (Docket No. 15) is **DENIED** and the Bankruptcy appeal (Docket No. 1) is **DISMISSED**.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton  
                                                 Nathaniel M. Gorton  
                                                 United States District Judge  
Dated September 26, 2012